Steven L. Marchbanks, Esq., Bar No. 214686
PREMIER LEGAL CENTER, A.P.C.
1055 Torrey Pines Rd. Ste. 205
La Jolla, CA 92107
Telephone: (619) 235-3200
Facsimile: (619) 235-3300

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MICHAEL BATH, an individual, LYNETTE DAVIES, an individual, and REBECCA SIENICKI, an individual, | CASE NO: |
| Plaintiffs, | **PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| GENERAL MOTORS, LLC, a Limited Liability Company, and DOES 1 through 100, inclusive, | |
| Defendants. | |

Plaintiffs MICHAEL BATH, an individual, LYNETTE DAVIES an individual, and REBECCA SIENICKI, an individual, (referred to collectively herein as "Plaintiffs") file this Complaint and allege the following based upon information and belief:

## **THE PARTIES**

1. Plaintiffs are residents and citizens of the state of Colorado.

2. Defendant General Motors, LLC (hereinafter referred to as "General Motors" or "Defendant") is a Delaware limited liability company with its principal place of business at 300

-1-
COMPLAINT AND DEMAND FOR JURY TRIAL

Renaissance Ctr., in Detroit, Michigan. The sole member of General Motors LLC is General Motors Holdings, LLC, which is also a Delaware limited liability company with its principal place of business in Michigan. The sole member of General Motors Holdings, LLC is General Motors Company, a corporation organized under the laws of Delaware with its principal place of business in Michigan.

3. The true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, are presently unknown to Plaintiff who will seek leave of this Court to amend this Complaint to include these DOE Defendants when they are identified.

4. At all times mentioned in the Complaint, each of the Defendants were agents of each and every other Defendant. In doing the things alleged in the Complaint, each Defendant was acting within the course and scope of their agency and was acting with the consent, permission and authorization of each of the other Defendants.

## JURISDICTION IS PROPER UNDER § 1332(a)

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a), which grants federal district courts original jurisdiction of all civil actions where (1) the action is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. As set forth below, this action satisfies both requirements.

6. **There is Complete Diversity of Citizenship.** Section 1332(a) requires complete diversity of citizenship, which is established when "each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v Kroger,* 437 U.S. 365, 373 (1978).

7. Plaintiffs are citizens and residents of the state of Colorado.

8. General Motors LLC is a Delaware limited liability company with its principal place of business in Detroit, Michigan. The sole member of General Motors LLC is General Motors Holdings, LLC, which is also a Delaware limited liability company with its principal place of business in Michigan. The sole member of General Motors Holdings, LLC is General Motors Company, a corporation organized under the laws of Delaware with its principal place of business in Michigan. Therefore, General Motors, LLC is a citizen of the states of Delaware and Michigan.

9. Because Plaintiffs are citizens of Colorado and General Motors, LLC is a citizen of Michigan, there is complete diversity of citizenship in this action as required by §1332(a).

10. **The Amount In Controversy Exceeds $75,000.** Section 1332(a) also requires that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." Based on each Plaintiff's claim for civil penalties, restitution, rescission and attorneys' fees, the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs, thereby vesting this Court with jurisdiction under 28 U.S.C. § 1332(a). In addition, each Plaintiff asserts a claim for punitive damages, which is included in determining the amount in controversy for subject matter jurisdiction, *Bell v. Preferred Life Assur. Society*, 320 U.S. 238, 240 (1943). Furthermore, for purposes of determining the amount in controversy the court should consider not just attorneys' fees incurred to date, but the possible attorneys' fees that will be incurred during the court of the litigation. *Fritsch v. Swift Transp. Co. of Ariz, LLC*, 889 F.3d 785, 794 (9th Cir. 2018).

11. General Motors LLC is subject to personal jurisdiction in Michigan because it is headquartered in the State of Michigan; has consented to jurisdiction by registering to conduct business in Michigan; has sufficient minimum contacts with Michigan; and is authorized to do and does business in Michigan.

## **VENUE IS PROPER UNDER § 1391**

12. Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events, transactions, and conduct giving rise to the claims occurred in and emanated from this District. Further, General Motors, LLC is headquartered and transacts business in this District.

## **GENERAL ALLEGATIONS**

13. On or about October 1, 2020, Plaintiff Michael Bath purchased a 2018 Chevrolet Bolt EV, Vehicle Identification Number 1G1FW6S09J4115532, which was manufactured, distributed and/or sold by Defendant. On or about July 16, 2021, Plaintiff Lynette Davies purchased a 2022 Chevrolet Bolt EV, Vehicle Identification Number 1G1FX6S04N4105977, which was manufactured, distributed, and/or sold by Defendant. On or about October 28, 2017,

Plaintiff Rebecca Sienicki purchased a 2017 Chevrolet Bolt EV, Vehicle Identification Number 1G1FW6S00H4183244, which was manufactured, distributed, and/or sold by Defendant. (The Plaintiffs' vehicles described above shall hereinafter be referred to collectively as the "Subject Vehicles".)

14.   At the time of purchase, Defendant provided Plaintiffs with an express warranty concerning the manufacture, operation and performance of the Subject Vehicles, upon which Plaintiffs reasonably relied upon when deciding to purchase the Subject Vehicles.

15.   Shortly after the purchases, Plaintiffs experienced significant and/or excessive nonconformities with the Subject Vehicles which significantly impaired the Subject Vehicles' use, value and/or safety. Such defects/nonconformities include, but are not limited to unresolved high voltage battery defects, which make the Subject Vehicles a high risk for battery melt or fire, plus other operational problems. The battery risk of melting or fire is a significant safety issue and severely limits indoor vehicle parking options.

16.   Plaintiffs delivered the Subject Vehicles to Defendant's authorized repair facilities for repair of the foregoing nonconformities. Despite the repeated repair attempts, Defendant and/or its authorized repair facilities have been unable to repair the Subject Vehicles' nonconformities in accordance with Defendant's express and implied warranties.

17.   Moreover, the Subject Vehicles have not been repaired within a reasonable time frame and spent several days in the shop.

18.   Despite confirmation of the nonconformities and repeated lengthy repair attempts, Defendant has been unable to correct the nonconformities. These nonconformities substantially impair the use, value and/or safety of the Subject Vehicles. Further, Defendant breached its express and implied warranties and refuses to comply with its obligations under the Magnusson-Moss Warranty Act.

19.   Plaintiffs have incurred and continue to incur significant damages as a result of the nonconformities and Defendant's failure to honor the applicable express warranties. Such damages include, but are not limited to, actual, special, consequential damages, direct out of pocket expenses and loss of use of the Subject Vehicles.

-4-
COMPLAINT AND DEMAND FOR JURY TRIAL

## FIRST CAUSE OF ACTION

**(Breach of Express Warranty – Magnuson-Moss Warranty Act; 15 U.S.C. §2301, *et seq*.)**

20. Plaintiffs hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs as though fully set forth in this cause of action.

21. Plaintiffs are "consumer(s)" within the meaning of Section 2301(3) of the Magnuson-Moss Warranty Act ("MMWA").

22. Defendant is a "warrantor" within the meaning of Section 2301(5) of the MMWA.

23. As set forth herein, Defendant expressly warranted the Subject Vehicles within the meaning of Section 2301(6) of the MMWA. Defendant breached its express warranties in the manner described herein.

24. Defendant's breach was a substantial factor and proximate cause in the resulting damages to Plaintiffs, which include, but are not limited to: actual, special, incidental and consequential damages in an amount according to proof at trial, in addition to Plaintiffs' attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**(Breach of Implied Warranty – Magnuson-Moss Warranty Act; 15 U.S.C. §2301, *et seq*.)**

25. Plaintiffs hereby incorporate by reference and re-allege each of the allegations contained in the foregoing paragraphs as though fully set forth in this cause of action.

26. Plaintiffs are "consumer(s)" within the meaning of Section 2301(3) of the MMWA.

27. Defendant is a "warrantor" within the meaning of Section 2301(5) of the MMWA.

28. As set forth herein, Defendant impliedly warranted the Subject Vehicles as being merchantable and fit for a particular purpose, which warranties are implied within the meaning of Section 2301(7) of the MMWA. Defendant breached the implied warranties in the manner described herein.

29. As set forth herein, Defendant impliedly warranted the Subject Vehicles as being merchantable and fit for a particular purpose, which warranties are implied within the meaning of Section 2301(7) of the MMWA. Defendant breached the implied warranties in the manner

described herein.

30. As a direct and proximate cause of Defendant's breach and failure to comply with their obligations under the applicable implied warranties, Plaintiffs suffered actual, special, incidental and consequential damages in an amount according to proof at trial, in addition to Plaintiffs' attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For general, special and actual damages according to proof at trial;
2. For rescission of the purchase contract and restitution of all monies expended;
3. For incidental and consequential damages according to proof at trial;
4. For a civil penalty in an amount of two times Plaintiff's actual damages;
5. For prejudgment interest at the legal rate;
6. For reasonable attorney's fees and costs of suit; and
7. For such other and further relief as this Court deems just and proper.

## **JURY TRIAL DEMANDED**

31. Plaintiffs demand a jury trial on all triable issues.

Dated:   November 24, 2023                    PREMIER LEGAL CENTER, A.P.C.

                                              *[signature]*

                                              By:  Steven L. Marchbanks, Esq.
                                              *Attorney for Plaintiffs*

-6-
COMPLAINT AND DEMAND FOR JURY TRIAL